# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02766-NYW

GEOFFERY L. HEWLETT, JR.,

    Plaintiff,

v.

MCCAULEY CONSTRUCTIONS INC,

    Defendant.

---

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant McCauley Constructions, Inc.'s ("McCauley" or "Defendant") Motion to Dismiss Plaintiff's Amended Complaint ("the Motion to Dismiss" or "the Motion") [#19, filed February 21, 2019].[1] The undersigned magistrate judge fully presides over this case pursuant to 28 U.S.C. § 636(c), the Parties' consent, and the Orders of Reference dated February 12, 2019 [#12; #13]. Because Plaintiff Geoffrey L. Hewlett, Jr. ("Plaintiff" or "Mr. Hewlett") is proceeding *pro se*, the court set an extended deadline of March 22, 2019 to respond to the Motion to Dismiss. [#21]. Mr. Hewlett has neither responded to the Motion to Dismiss nor sought a timely extension of time, and so the court proceeds solely upon the Motion to Dismiss. D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer

---

[1] Defendant re-filed the Motion to Dismiss that same day as an "Errata," having not attached Exhibit A to the original Motion to Dismiss. For clarity and ease of reference, this court refers to [#19] as the Motion, and [#20-1] as Exhibit A.

from ruling on a motion at any time after it is filed."). For the reasons set forth in this Order, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint and taken as true for the purposes of this instant Motion. Plaintiff alleges that he was discriminated against, harassed, and eventually terminated from his position as a day laborer for McCauley Construction "through Express Professionals."[2] [#17 at 3]. Plaintiff began work at Buckley Air Force Base in January 2014 when his supervisor, Dave Vershal ("Mr. Vershal"), began a sustained pattern of making racist jokes and hurling racist invective against Mr. Hewlett. [*Id.*]. Mr. Hewlett alleges that Mr. Vershal would intentionally sabotage his performance by giving him inadequate tools and then would make racist comments following his preordained failure. [*Id.* at 4]. Over time, Mr. Vershal's behavior worsened, and he began to make menacing references to his firearm collection to intimidate Plaintiff and others. [*Id.*]. Mr. Hewlett complained to Express Professionals and it stated they would look into the matter. [*Id.*]. Eventually, Mr. Vershal fired Mr. Hewlett after a heated argument. [*Id.* at 5].

Defendant moved to dismiss on February 14, 2019. [#14]. At the initial status conference, the court set a deadline to respond to the Motion to Dismiss: March 15, 2019. [#15]. Shortly thereafter, Plaintiff filed an Amended Complaint which mooted the initial Motion to Dismiss. [#17; #18]. Defendants then renewed the Motion to Dismiss, [#19], and the court set a new

---

[2] The relationship between Express Professionals and McCauley is not clear. Plaintiff does not allege them to be joint employers, and while the court does not address the issue in sustenance in this Order, it has serious reservations over the propriety of suing McCauley if that entity is neither Plaintiff's direct employer nor a joint-employer.

deadline to respond of March 22, 2019. [#21]. The operative Motion to Dismiss argues for dismissal because Plaintiff's charge was untimely, because he does not allege that McCauley is either his employer or a covered employer under Title VII, because he did not exhaust his administrative remedies for all claims, and because service of process was insufficient. [#19]. The court does not address each argument because it finds the first argument to be dispositive of the instant motion, but does not preclude Defendant from re-raising its additional arguments should Plaintiff be able to successfully discharge the Order to Show Cause and further amend to avoid dismissal based on the statute of limitations.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). To state a claim that is plausible on its face, a complaint must "sufficiently alleges facts supporting all the elements necessary to establish an entitlement to

relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Even if a Rule 12(b)(6) motion is unopposed, the court must still determine whether the movant has met his burden to demonstrate that the Complaint fails to state a claim. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).

A statute of limitations argument ordinarily is presented as an affirmative defense; however, the issue may be resolved on a Rule 12(b)(6) motion where the application of the limitations period "is apparent on the face of the complaint." *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008) (*citing Aldrich v. McCulloch Properties., Inc.* 627 F.2d 1036, 1041 & n.4 (10th Cir. 1980)).

## ANALYSIS

I. **The Motion to Dismiss**

An individual who seeks to bring a claim against an employer for, relevant here, racial discrimination in the workplace in violation of Title VII, must exhaust their administrative remedies. *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). Once a plaintiff has exhausted her administrative remedies and received a right to sue letter, she must file suit within ninety days by statute. 42 U.S.C. § 2000e-5(f)(1); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984); *Kaiser v. Colorado Dep't of Corr.*, No. 10-CV-01837-RBJ-CBS, 2012 WL 762227, at *7 (D. Colo. Jan. 4, 2012). This provision, equivalent to a statute of limitations, is "strictly enforced" absent equitable tolling, waiver, or other affirmative defense to enforcement, and even a relatively trivial delay will justify dismissal. *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (affirming summary judgment on four-day-late complaint); *Stapleton*

*v. Saint Francis Hosp., Inc.*, No. 10-CV-0806-CVE-FHM, 2011 WL 4608329, at *3 (N.D. Okla. Sept. 30, 2011) (granting summary judgment on seven-day-late complaint).

Mr. Hewlett has failed to attach his Right to Sue letter to the operative Amended Complaint, but he did attach it to his original Complaint. [#1 at 8]. While outside the four corners of the Amended Complaint, the court considers the Right to Sue Notice because it is referenced in the Amended Complaint and central to Plaintiff's claim. [#17 at 7]; *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The Right to Sue letter is dated July 25, 2018. [#1 at 8]. There is no indication, either in Plaintiff's pleadings or on the face of the Right to Sue Notice itself, when Plaintiff received the letter. However, courts have held that if there is evidence that the Right to Sue letter was mailed, then there is a rebuttable presumption of receipt. *Issa*, 354 F.3d at 1178; *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429–30 (10th Cir. 1998).

Federal Rule of Civil Procedure 6(d) provides a presumptive mailing time of three days, and so the court must presume that Plaintiff received the letter and began the ninety-day period three days after mailing on July 28, 2018. *Morrison v. Equity Residential Properties Woodridge Apts.*, No. CIVA-05-CV-01787-PSF-MJW, 2006 WL 1517734, at *3 (D. Colo. May 31, 2006). Ninety days from July 28 is Friday, October 26, 2018. Defendant argues that because Plaintiff filed his Complaint the next business day, Monday, October 29, 2018, the Complaint is untimely. [#19 at 5].

Because Plaintiff has not responded to the Motion to Dismiss, the court has no basis to reject the presumption that Mr. Hewlett received the EEOC's Right to Sue Notice no later than July 28, 2018, and failed to initiate this action within 90 days. Accordingly, the court **GRANTS** Motion to Dismiss, but will do so without prejudice. Given Mr. Hewlett's *pro se* status and his

5

failure to file a response to the Motion to Dismiss, this court does not have a sufficient record at this juncture to conclude that any amendment would be futile and dismiss this action with prejudice, as requested by Defendant.

## CONCLUSION

Accordingly**, IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint [#22] is **GRANTED**;

(2) The Amended Complaint is **DISMISSED without prejudice**;

(3) Plaintiff Geoffrey L. Hewlett, Jr. is **ORDERED TO SHOW CAUSE** on or before **May 17, 2019,** why this case should not be dismissed **with prejudice** for failure to file within ninety days of receipt of the Right to Sue Letter dated July 25, 2018.

DATED: April 26, 2019                          BY THE COURT:

                                                   Nina Y. Wang
                                                   United States Magistrate Judge